Plaintiff-appellant Richard D. Fratzke ("husband") appeals from the award of guardian ad litem fees by the trial court. For the reasons adduced below, we affirm in part, and reverse and modify in part.
A review of the record on appeal indicates plaintiff and defendant Lynda Tuennerman, f.k.a. Fratzke ("wife") were divorced on June 18, 1993. Six children were born as issue during the term of the marriage. The court notes that at the time of the hearing on this appeal, five of the six children are still under eighteen years of age.
Subsequent to the divorce, the husband and wife engaged in a flurry of motion practice before the trial court. On April 23, 1996, the executive director of Stella Mans, a Cleveland based alcohol/drug treatment center which had custody of one of the minor children at that time, motioned the trial court to appoint a guardian ad litem to protect the interests of that child. On May 17, 1996, the trial court joined all the minor children as parties defendants, appointed attorney Enid L. Kushner, the appellee in the appeal sub judice, to act as their guardian ad litem, and ordered the husband and the wife to each post a bond of $150 as security for the payment of the guardian's fees.
The competing motions came on for hearing in December of 1996, January of 1997, and March of 1997 before Magistrate James Tanner, Jr. During those hearing dates, the guardian filed her motion for fees on February 19, 1997. This motion for fees consisted solely of a serial itemization containing the date of the service, a cryptic description of the service, the time spent for each event, and a recapitulation detailing 22.7 hours of work at the rate of $60.00 per hour, and 26.1 hours of work at the rate of $85.00 per hour. The itemization, which was not properly sworn to by the affiant/guardian, did not reflect the specific hourly rate applied to each event. On July 9, 1997, the Magistrate issued his report and recommendation.[1] Within that report, the Magistrate determined that the amount of fees ($3,580.50) sought by the guardian ad litem were excessive and that her services were not in compliance with Loc.R. 35 (F) of the Cuyahoga County Common Pleas Court, Domestic Relations Division. The excessive fees included excessive contact with the mother, unnecessary preparations of pleadings and excessive attendance at trial. The non-compliance fees included failing to interview the children in the presence of the father, and failing to contact the childrens' respective schools. The Magistrate, who itemized the nineteen specific questionable events and corresponding corrections of 10.3 hours[2] to the hours claimed by the guardian, concluded that the guardian's fees should be reduced by $693, reflecting an allowed amount of $2,887.50 ($3,580.50 — $693 = $2,887.50), split the payment of the fees between the husband and wife with husband paying $2,021.25 and wife paying $866.25, and released any funds deposited by the parties to the guardian. The Magistrate also recommended that all the pending motions by the husband and wife be denied.
On July 25, 1997, the court journalized an agreed judgment entry by the husband and wife which disposed of all pending motions before the court, specifically including motion number 302342. This entry was executed by the court, the Magistrate, the husband, the wife, and the husband's counsel.[3] The guardian ad litem was not a part of this agreed entry and had no notice of it.
On January 21, 1998, the guardian ad litem filed a motion to vacate the agreed order of July 25, 1997, 50 that the trial court could consider her motion for fees. The basis for the motion was that the guardian had not received notice of the agreed judgment. Within this motion, the guardian requested that the July 9, 1997 entry be amended in that she be awarded fees in the amount "as decided by the Magistrate." See Motion to Vacate at 3. On February 10, 1998, the trial court granted the motion to vacate, thereby reinstating the guardian's motion for fees. On March 19, 1998, the trial court, noting that the parties had not objected to the Magistrate's report, issued a one-page judgment entry adopting, with modification, the recommendation of the Magistrate regarding guardian fees, ordering husband to pay the guardian $2,887.50 and the wife to pay the guardian $866.25 ($2,887.50 + $866.25 = $3,753.75). Any funds on deposit relative to guardian fees were also ordered to be paid to the guardian. The modification was the total amount of guardian fees awarded and the amount of those fees allocated to husband. The basis for the modification was not explained within the order.
This timely appeal presents two assignments of error, which are interrelated.
I
 THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW WHEN IT ORDERED THE PARTIES TO PAY GUARDIAN AD LITEM FEES IN THE AMOUNT OF THREE THOUSAND SEVEN HUNDRED SEVENTY-THREE AND 75/100 DOLLARS ($3,773.75) (sic).[4]
II
 THE TRIAL COURT ABUSED ITS DISCRETION IN ALLOCATING THE PAYMENT OF THE GUARDIAN AD LITEM FEES.
Appellant-husband argues that the trial court abused its discretion in the award of guardian fees by giving the guardian $173.25 ($3,753.75 — $3,580.50 = $173.25) more than the guardian had requested, and $866.25 ($3,753.75 — $2,887.50 = $866.25) more than the Magistrate had recommended be paid. Appellant also complains that the trial court provided no basis for the increased amount awarded in guardian fees. Appellant then argues that the allocation of the fees was error.
Appellee argues, without explanation, that the trial court simply made a clerical error in its order of March 19, 1998, by ordering the husband to pay $2,887.50 as guardian fees. Appellee also asserts that she "does not seek an amount in excess of those fees awarded by the Magistrate." See Appellee's brief at 3. Finally, appellee argues that the award of fees and the allocation of fees was waived by the husband because he failed to file objections to the Magistrate's decision.
In order to preserve error relative to a Magistrate's report and recommendations, it is incumbent on a party to file objections thereto within fourteen days following the filing of that decision. See Civ.R. 53(E)(3)(a); Loc.R. 27 (B) of the Cuyahoga County Common Pleas Court, Domestic Relations Division. Having failed to file objections, let alone timely objections, to the Magistrate's decision with a transcript of the hearing or an affidavit, appellant is precluded from arguing factual findings in that decision; the claimed error is waived. Proctor v. Proctor (1988)48 Ohio App.3d 55. Thus, appellant is bound, at a minimum, by the Magistrate's recommendation relative to the amount of guardian fees ($2,887.50) and the allocation of those fees between husband and wife ($2,021.25/$866.25)
The next question is whether the trial court abused its discretion in awarding guardian fees totaling $3,753.75, or $2,887.50 from husband and $866.25 from wife. Generally, in domestic relations cases a trial court is vested with broad discretion. Booth v. Booth (1989), 44 Ohio St.3d 142, 144,541 N.E.2d 1028; Donovan v. Donovan (1996), 110 Ohio App.3d 615, 621,674 N.E.2d 1252. An abuse of discretion is more than a mere error of law or judgment. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128,131, 541 N.E.2d 597. A lower court abuses its discretion only when its judgment reflects an attitude that is unreasonable, arbitrary or unconscionable. Id.; also, Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Absent such an abuse of discretion, a reviewing court cannot substitute its judgment for that of the trial court. Id. Instead, when applying the abuse of discretion standard, a reviewing court must be guided by the presumption that the findings of the lower court are indeed correct. In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 138,566 N.E.2d 1181. In that the lower court served as trier of fact with regard to the propriety of the fees, we will not disturb its individual findings of fact where they are supported by sufficient evidence, Whiteside, Ohio Appellate Practice (1991) 71, Section 7.02 (6). and its judgment will not be reversed where it is supported by some competent credible evidence going to all essential elements of the case, Vogel v. Wells (1991), 57 Ohio St.3d 91,96, 566 N.E.2d 154; C.E. Morris Co. v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus.
Viewing the record before us, and noting that the trial court gave no basis for having increased the amount of guardian fees above the amount sought by the guardian, awarding guardian fees in an amount greater than the amount requested by the guardian is patently unreasonable and arbitrary because there is no factual basis for the amount in excess of the original requested figure. This was an abuse of discretion.
The question remains whether the trial court in ordering guardian fees in an amount greater than the Magistrate's decision, but less than the amount requested by the guardian, and where the guardian sought the payment of fees in the amount determined by the Magistrate's decision, constitutes an abuse of discretion. In answering this query, we note that after a magistrate has heard evidence in a domestic relations matter, and "upon consideration of any objections, the [trial] court may adopt, reject, or modify the magistrate's decision * * *." Civ.R. 53 (E) (4) (b). The trial court has the "ultimate authority and responsibility over the [magistrate's] findings and rulings." Hartt v. Munobe (1993),67 Ohio St.3d 3, 5, 615 N.E.2d 617. As the ultimate fact finder, the trial court determines "whether the [magistrate] has properly determined the factual issues and appropriately applied the law, and where the [magistrate] has failed to do so, the trial court must substitute its judgment for that of the [magistrate]." Inmanv. Inman (1995), 101 Ohio App.3d 115, 118, 655 N.E.2d 199.
Given that there is no evidence which supports the trial court's modification of the Magistrate's decision relative to the payment of the guardian fees, and that the appellee has requested in her motion to vacate and in her appellate brief that she receive the fee amount as determined by the Magistrate, we conclude that the trial court abused its discretion in ordering that the guardian receive fees above that reflected by the Magistrate. Thus, the husband is ordered to pay the guardian $2,021.25 and the wife is ordered to pay the guardian $866.25. Accordingly, the first assignment of error is well taken, and the second assignment of error is overruled.
Judgment affirmed in part, and reversed and modified in part.
This cause is affirmed in part and reversed and modified in part.
The court finds there were reasonable grounds for this appeal. It is, therefore, considered that said appellant(s) and appellee(s) each pay one-half of the costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
TIMOTHY E. McMONAGLE, P.J., and MICHAEL J. CORRIGAN, J.CONCUR.
 __________________________________ JAMES D. SWEENEY JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and d26 (A); Loc. App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] A copy of the Magistrate's report is attached to appellant's brief.
[2] The 10.3 hours of revisions were 7.3 hours at a rate of $60.00 per hour, and 3.0 hours at a rate of $85.00 per hour.
[3] A copy of that agreed judgment entry is attached to appellant' s brief.
[4] The appellant's math is incorrect, overstating the amount by twenty dollars. The amount is $3,753.75, not $3,773.75. The panel will rely on the correct lower figure in its analysis.